# EXHIBIT 1

# GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.L.C.

221 SE Osceola Street
Stuart, FL 34994
(772) 283-8260
1-800-329-4279
Fax: (772) 220-3343

## CONTINGENCY FEE AGREEMENT

I, _____, the undersigned client (hereinafter referred to as "Client"), do hereby retain and employ the law firm of **GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.L.C.** (hereinafter referred to as "Law Firm"), as my attorneys to represent me in my claim against _____ related to an incident that occurred on _____.

Client hereby agrees to pay for the costs incurred in the investigation, negotiation, litigation, trial, appeal and settlement of Client's claim. These costs include, but are not limited to postage, express mail services, long distance telephone charges, travel expenses, faxes, document reproduction, fees for copies of records, photography, settlement brochure, exhibit production, court filing and service fees, process server fees, witness fees, computer research fees, library copy fees, videographer and stenographer (court reporter) fees, transcript fees, expert witness fees, artist, graphic design and other creative consultant fees and jury consultant fees. Law Firm shall have a lien on Client's claim, suit or recovery for costs advanced and for attorney's fees.

Law Firm is authorized, on Client's behalf to execute any and all documents, including pleadings, stipulations and agreements, and to retain and employ, in Client's name, the services of any and all expert witnesses and investigators whom, in its discretion, it deems necessary to prepare for the prosecution of and to prosecute the action described above, at Client's expense.

As compensation for Law Firm's services, Client agrees that Law Firm will receive a contingency fee of 40% of the total gross money recovered (hereinafter referred to as "Gross Recovery"). Client also agrees that Client will reimburse Law Firm's costs out of Client's 60% minus any medical, Medicare and/or disability liens, if any.

Gross Recovery consists of any and all amounts paid by, or on behalf of, any defendant or a defendant's insurer, whether by settlement or judgment in the above-captioned case or in a separate "bad faith" case, including any amounts for damages of any type.

An additional 5% fee will be payable from any recovery if garnishment or any proceedings, after judgment, have been brought to collect the judgment or any portion thereof.

In the event an appeal is taken, a new and separate agreement shall be entered into by Client and Law Firm as to services and fees.

At any stage of the proceedings, Law Firm may retain and employ, in Client's name, the

services of any additional attorneys, who, in its judgment, may assist Law Firm in the preparation, investigation or prosecution of Client's claim. In the event additional attorneys are employed on Client's behalf, that employment shall be on terms and conditions within the sole discretion of the law firm of GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.L.C., so long as the nature and extent of my contingent obligation to pay attorneys' fees is not changed.

Should Client elect to accept a settlement at any stage of the proceedings that includes structured or annuity payments, it is agreed that the attorneys' fees shall be calculated on the cost of the structured settlement or, if the cost is unknown, on the present money value of the total settlement, whichever is less. Additionally, it is agreed that payment of the attorneys' fees shall be in a lump sum payable at the time of the settlement.

In the event that fees are recovered in this action from any adverse party, then it is expressly understood that this contract is not to be construed in any way as a limitation on the maximum reasonable fee to be awarded by the Court. Client further agrees that in the event the Court should award attorneys' fees, then the Law Firm shall be entitled to either a reasonable fee determined by the Court, or the percentage of the recovery, whichever is greater.

It is agreed and understood that this employment is upon a contingency fee basis, and if no recovery is made, Client will not be indebted to Law Firm for any sum whatsoever as attorney's fees. If, after reasonable investigation of Client's claim or claims, or if due to some change in circumstances during the prosecution of Client's claim or claims, Law Firm determines in its discretion that it is not reasonable for Law Firm to continue to prosecute Client's claim, upon notification to Client of such fact, Law Firm may withdraw from representation under this agreement or offer Client the option of accepting such modifications of this agreement as necessary to enable Law Firm to continue to prosecute Client's claim.

If this matter proceeds to litigation, the defendant may make a "Proposal for Settlement." This is an offer by the defendant to have a judgment taken against it for a certain amount. If the Proposal is not accepted within thirty days, and Client is not successful in procuring a judgment, or the judgment Client procures is at least 25% less than such offer, then the court shall grant to the defendant reasonable costs and attorney's fees from the date of the Proposal through the date of the entry of judgment. Such award will be deducted from any amount that Client receives.

Client understands that a probate and/or guardianship proceeding will likely be necessary under the circumstances as they exist at the time of the signing of this contract.

Client further agrees and directs that this law firm take the necessary actions to initiate such probate and/or guardianship proceedings and that a presumed reasonable fee shall be determined under the guidelines as set forth in the Florida Statutes §§733.6171 and 744.108, which fees and costs will be deducted from any recovery and paid to the Law Firm at the time of disbursement of funds.

In the event of a fee dispute, Client agrees to mandatory arbitration.

NOTICE: This agreement contains provisions requiring arbitration of fee disputes. Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

Client understands that Law Firm and its lawyers are prohibited by ethical rules to provide any financial assistance to Client, directly or indirectly, for any reason other than costs relating to litigation such as medical exams, travel expense, depositions, hearings, mediation, trial and other similar events relating to your case, even if the need arises for food, medical care, shelter, etc. Client further affirms that neither Law Firm nor any of its lawyers have provided, promised or suggested any such financial assistance in connection with Client's employment of this law firm to pursue this legal claim.

Client has, before signing this contract, received and read the Statement of Client's Rights and understands each of the rights set forth therein. Client has signed the statement and received a signed copy to refer to while being represented by Law Firm.

This contract may be cancelled by written notification to Law Firm at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled Client shall not be obligated to pay any fees to Law Firm for the work performed during that time. If Law Firm has advanced funds to others in representation of Client, Law Firm is entitled to be reimbursed for such amounts as Law Firm has reasonably advanced on behalf of Client.

Law Firm may withdraw at any time by giving reasonable written notice and the Client agrees to sign a consent to withdrawal or substitution of counsel in the event of such a withdrawal.

This contract may be executed in counterparts by any party hereto and if so executed shall be valid and binding.

I HAVE READ THIS DOCUMENT CAREFULLY. IT HAS BEEN EXPLAINED TO ME, AND I HAVE BEEN ADVISED THAT I CAN SEEK OTHER COUNSEL TO REPRESENT ME FOR A CONTINGENCY FEE.

DATED this _____ day of _____, 2016.

Accepted and agreed by:

CLIENT: _Marian B. Marshall_    CLIENT: _____

Gary, Williams, Parenti, Watson, & Gary, P.L.L.C.

By: /s/ Willie E. Gary
WILLIE E. GARY, ESQ.

# GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.

## STATEMENT OF CLIENT'S RIGHTS
## FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable

Statement of Client's Rights
Page 1 of 2

questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

Client: _Marion B. Marshall_    Client: _____

Date _____    Date _____