

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ARDRIA CLARK, as next friend, and on behalf of MARIAN GREEN MARSHALL, and MARIAN GREEN MARSHALL <br><br> Plaintiffs, <br><br> vs. <br><br> GARY, WILLIAMS, PARENTI, WATSON, GARY & GILLESPIE, P.L.L.C. d/b/a GARY, WILIAMS, PARENTI, WATSON AND GARY, P.L.L.C., WILLIE E. GARY, KOBIE O. GARY, and MARCUS LETT. <br><br> Defendants. | Civil Action File No. 7:23- CV-25 <br><br> ANSWER, AFFIMATIVE DEFENSES, MOTION FOR JUDGMENT ON THE PLEADINGS & MOTION TO DISMISS OF DEFENDANT MARCUS LETT, *PRO SE* |

**NOW COMES** Defendant Marcus Lett ("**Defendant**"), *Pro Se*, and hereby responds to Plaintiffs complaint as follows:

### NATURE OF ACTION

1. This Paragraph requires no response by this Defendant and is therefore denied.

2. This Paragraph requires no response by this Defendant and is therefore denied.

3. This Paragraph requires no response by this Defendant and is therefore denied.

4. This Paragraph requires no response by this Defendant and is therefore denied.

5. This Paragraph requires no response by this Defendant and is therefore denied.

### PARTIES

6. This Defendant has no knowledge as to what State this Plaintiff is a citizen of, and therefore, neither admits nor denies the same.

7. This Defendant has no knowledge as to what State this Plaintiff is a citizen of, and therefore, neither admits nor denies the same.

8. Admitted upon information and belief.

9. Admitted upon information and belief.

10. Admitted upon information and belief.

11. Denied.

## JURISDICTION AND VENUE

12. This Defendant has no personal knowledge as to whether the amount in controversy in this matter exceeds $75,000.00, and therefore, denies the same.

13. This Defendant has no personal knowledge as to the events of omissions to which the Plaintiffs allege, and therefore, denies the same.

14. Based upon this Defendant's responses in Paragraph 12 and Paragraph 13 hereinabove, the same is herein denied.

## BACKGROUND

**A. The Automobile Accident.**

15. This Defendant has no personal knowledge of the facts alleged in Paragraph 15, and therefore, denies the same.

16. This Defendant has no personal knowledge of the facts alleged in Paragraph 16, and therefore, denies the same.

17. This Defendant has no personal knowledge of the facts alleged in Paragraph 17, and therefore, denies the same.

18. This Defendant has no personal knowledge of the events alleged in Paragraph 18, and therefore, denies the same.

### B. Ms. Marshall Retains Willie Gary.

19. This Defendant has no personal knowledge of the facts alleged in Paragraph 19, and therefore, denies the same.

20. This Defendant has no personal knowledge of the facts alleged in Paragraph 20, and therefore, denies the same.

### C. Tamesha and Kobie Gary Have Sex and Upon Information and Belief, Tamesha and Wille Gary Also Have Sex.

21. This Defendant has no personal knowledge of the facts alleged in Paragraph 21, and therefore, denies the same.

### D. The Insurance Settlement.

22. This Defendant has no personal knowledge of the facts alleged in Paragraph 22, and therefore, denies the same.

23. This Defendant has no personal knowledge of the facts alleged in Paragraph 23, and therefore, denies the same.

24. This Defendant has no personal knowledge of the facts alleged in Paragraph 24, and therefore, denies the same.

25. This Defendant has no personal knowledge of the facts alleged in Paragraph 25, and therefore, denies the same.

### E. The Litigation Funding.

26. This Defendant has no personal knowledge of the facts alleged in Paragraph 26, and therefore, denies the same.

27. This Defendant has no personal knowledge of the facts alleged in Paragraph 27, and therefore, denies the same.

28. This Defendant has no personal knowledge of the facts alleged in Paragraph 28,

and therefore, denies the same.

29. Denied.

30. Denied.

**F.  The Florida Product Liability Action.**

31. This Defendant has no personal knowledge of the facts alleged in Paragraph 31, and therefore, denies the same.

32. This Defendant has no personal knowledge of the facts alleged in Paragraph 32, and therefore, denies the same.

33. This Defendant has no personal knowledge of the facts alleged in Paragraph 33, and therefore, denies the same.

**FIRST CLAIM FOR RELIEF**
**(Legal Malpractice, Breach of Contract, Breach**
**of Fiduciary Duty – Against the Gary Firm and Willie Gary)**

34. This Defendant hereby fully realleges and reincorporate his responses in Paragraph 1 through Paragraph 33 above hereinafter.

35. This Defendant has no personal knowledge of the facts alleged in Paragraph 35, and therefore, denies the same.

36. This Defendant has no personal knowledge of the facts alleged in Paragraph 36, and therefore, denies the same.

37. This Defendant has no personal knowledge of the facts alleged in Paragraph 37, and therefore, denies the same.

38. This Defendant has no personal knowledge of the facts alleged in Paragraph 38, and therefore, denies the same.

39. This Defendant has no personal knowledge of the facts alleged in Paragraph 39,

and therefore, denies the same.

40. This Defendant has no personal knowledge of the facts alleged in Paragraph 40, and therefore, denies the same.

41. This Defendant has no personal knowledge of the facts alleged in Paragraph 41, and therefore, denies the same.

42. This Defendant has no personal knowledge of the facts alleged in Paragraph 42, and therefore, denies the same.

43. This Defendant has no personal knowledge of the facts alleged in Paragraph 43 and all of its subdivisions (i) – (viii), and therefore, denies the same.

44. This Defendant has no personal knowledge of the facts alleged in Paragraph 44 and all of its subdivisions (i) – (iv), and therefore, denies the same.

45. This Defendant has no personal knowledge of the facts alleged in Paragraph 45, and therefore, denies the same.

### SECOND CLAIM FOR RELIEF
### (Unreasonable Attorney's Fee –
### Against the Gary Firm and Willie Gary)

46. This Defendant hereby fully realleges and reincorporate his responses in Paragraph 1 through Paragraph 45 above hereinafter.

47. This Defendant has no personal knowledge of the facts alleged in Paragraph 47, and therefore, denies the same.

48. This Defendant has no personal knowledge of the facts alleged in Paragraph 48, and therefore, denies the same.

49. This Defendant has no personal knowledge of the facts alleged in Paragraph 49, and therefore, denies the same.

## THIRD CLAIM FOR RELIEF
### (Fraud – Against All Defendants)

50. This Defendant hereby fully realleges and reincorporate his responses in Paragraph 1 through Paragraph 49 above hereinafter.

51. Denied, except to the extent that at the direction U.S. Claims (the funding company) this Defendant only provided wiring instructions to Defendant Gary Law Firm.

52. This Defendant has no personal knowledge of the facts alleged in Paragraph 52, and therefore, denies the same.

53. Denied.

54. Denied.

55. Denied.

56. This Defendant has no personal knowledge of the facts alleged in Paragraph 56 and all of its subdivisions (i) – (ii), and therefore, denies the same.

## FOURTH CLAIM FOR RELIEF
### (Bad Faith Liability Under O.C.G.A. § 13-6-11
### - Against All Defendants)

57. This Defendant hereby fully realleges and reincorporate his responses in Paragraph 1 through Paragraph 56 above hereinafter.

58. Denied.

59. Denied.

60. Denied.

## FIFTH CLAIM FOR RELIEF
### (Punitive Damages - Against All Defendants)

61. This Defendant hereby fully realleges and reincorporate his responses in Paragraph 1 through Paragraph 60 above hereinafter.

62. Denied.

### AFFIRMATIVE DEFENSE I
### (Insufficiency of Service of Process)

63. This Defendant hereby raises insufficiency of service of process as an affirmative defense to the Plaintiffs' alleged claims as this Defendant was at all times at the filing of the Complaint, a citizen and resident of the State of Texas. This Defendant was never served pursuant applicable Rules of Federal Civil Procedure at his residence in the State of Texas. This Defendant first became aware of this lawsuit when he received a copy of the lawsuit sent to him by a third party.

64. This Defendant has no personal knowledge of the facts alleged in Paragraph 64, and therefore, denies the same.

65. This Defendant has no personal knowledge of the facts alleged in Paragraph 65, and therefore, denies the same.

### AFFIRMATIVE DEFENSE II
### (Lack of Standing By Plaintiff Ardria Clark)

66. This Defendant hereby raises lack of standing as an affirmative defense to Plaintiff's Ardria Clark's ability to stand before the court on behalf of Plaintiff Marian Green Marshall.

67. At no time has it been alleged in the Complaint that Plaintiff Marian Green Marshall is a minor, an incompetent person, or otherwise suffers from any other disability that prevents her from representing herself in a *pro se* capacity regarding this lawsuit.

68. Additionally, Plaintiff Ardria Clark does not purport anywhere in the Complaint to be a legally court appointed *Guardian Ad Litem* for Plaintiff Marian Green

Marshall.

### AFFIRMATIVE DEFENSE III
### (Doctrine of Equitable Estoppel)

69. This Defendant hereby raises the doctrine of estoppel as an affirmative defense to Plaintiffs' complaint on the grounds that all matters alleged in Plaintiffs' Complaint have been previously settled by Plaintiffs' lawyers retained after the services of Plaintiff's initial lawyers had been terminated.

70. More specifically, the Plaintiffs' own Complaint clearly evidences that there exists no justiciable issue for this Court to rule upon because all of the Plaintiffs' underlying tort claims had been previously settled by retained counsel.

71. On **Page 3**, **Paragraph 4** of the Complaint, the Plaintiffs unequivocally admit that:

> Ms. Marshall **retained new counsel**, who was forced to **settle the action** for nuisance value due because none of the claims were viable due to Gary's malpractice.

### AFFIRMATIVE DEFENSE IV
### (Lack of Privity of Contract Between Parties)

72. This Defendant hereby raises lack of privity of contract between parties as an affirmative defense to Plaintiffs' Complaint in this matter.

73. At no time have the Plaintiffs' alleged or shown the existence of any type of contractually binding relationship nor the existence of any fiduciary relationship between themselves and Defendant Marcus Lett in his individual capacity.

### MOTION FOR JUDGEMENT
### ON THE PLEADINGS

74. This Defendant hereby moves the Court pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for a Judgment on the Pleading in the above captioned matter.

## MOTION TO DISMISS

75. This Defendant hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure that the Plaintiffs' Complaint against this Defendant be dismissed for failure to state a claim against this Defendant for which relief can be granted.

## CLAIM FOR RELIEF

**WHEREFORE**, this Defendant hereby prays that the Court;

1. That the Plaintiffs' Complaint and action against this Defendant be dismissed with prejudice and that the Plaintiffs have nothing of this Defendant;

2. That a reasonable attorneys' fees, including costs and expenses of defending this action be assessed against the Plaintiffs and awarded to this Defendant.

3. For such other relief that the Court deems just and proper.

This 28th day of June 2023.

/s/ Marcus Lett
Marcus Lett
2914 Panhandle Drive
Heartland, Texas 75126
Telephone: (352) 316-6027
Email: Lettglobal@gmail.com
Defendant *Pro Se*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing copy of the Defendant's Answer, Affirmative Defenses, Motion for Judgment on the Pleadings & Motions to Dismiss were served via first class U.S., postage prepaid, addressed as follows and via the courts ECF filing system:

Marian Green Marshall
307 Hayden Way
Thomasville, Georgia 31792
Plaintiff *Pro Se*

Ardria Clark
as next friend, and on behalf of
Marian Green Marshall, *Pro Se*
307 Hayden Way
Thomasville, Georgia 31792
Telephone: (229) 403) 7047
Email: ardriad@yahoo.com
Plaintiff *Pro Se*

Gary, Williams, Parenti, et. al
Kobie O Gary
Willie E. Gary, Esq.
221 SE Osceola Drive
Stuart, Florida 34994
Telephone: (772) 283-8260
Defendants

This 28th day of June 2023.

/s/ Marcus Lett
Marcus Lett
2914 Panhandle Drive
Heartland, Texas 75126
Telephone: (352) 316-6027
Email: Lettglobal@gmail.com
Defendant *Pro Se*